**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-10536
Summary Calendar

RAYFIELD J. THIBEAUX

Plaintiff-Appellant,

VERSUS

T.J. MEDART AND MAJOR PRASIFKA

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas
(2:94-CV-72)
December 4, 1995

Before REYNALDO G. GARZA, JONES, BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Background

Appellant Thibeaux, an inmate in the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID), filed a <u>pro</u> <u>se</u> complaint <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Swisher County Detention Center, a unit of

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

TDCJ-ID.[1]  Appellant alleged that he was being retaliated against by other inmates who had discovered that he was an informant. Appellant claims that in June of 1992 he informed appellees (Warden Medart and Major Prasifka, employees of TDCJ-ID) that he was a narcotics informant from the Harris County, Texas area and that he felt his life was in danger.  He requested transfer to another unit.

Following his complaint to appellees, appellant claims that someone started to smear urine and sewage on his bed in retaliation for his status as a drug informant.  Appellant also claims that he was involved in two altercations with other inmates because of his narcotics status.  According to appellant, appellees did nothing to move him to a new area of the prison unit or to a new unit even after learning of the specific acts of retaliation.

Appellees were ordered to answer.  The defendants answered and moved for summary judgment.  Thibeaux responded and filed a motion for an immediate injunction.  The magistrate judge scheduled a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and to evaluate the defendants' motion for summary judgment and Thibeaux's motion for injunctive relief.  The parties consented to proceed before the magistrate.

At the hearing, Thibeaux testified that he met with Warden Medart shortly after his transfer to Swisher County and told Medart that he had been an informant and that he was "having problems here

---

[1] Appellant is currently incarcerated at the Stiles Unit of TDCJ-ID, a prison facility located in Beaumont, Texas.

on the unit[.]" According to Thibeaux, Medart told him that a single man cell was not an option.[2] Thibeaux acknowledged, however, that, in a response to a grievance he filed relating to his problems, he was informed by Medart that "you failed to present any evidence to corroborate your allegations. There was no evidence of harassment o[r] retaliation. There were no signs of urine found on your sheets or clothing." In response to a second similar grievance, Medart informed Thibeaux that "you have never once been able to provide evidence that your allegations have merit[.]" Thibeaux acknowledged that "nobody can see" the urine smeared on his bunk.

Thibeaux also testified that he had been in several fights at the unit. He related that his most recent fight was over money. He also related that a fight prior to that had occurred after he turned on the television early one morning. He admitted that he had been charged with assault with regard to that fight. The magistrate judge asked Thibeaux for proof that he was being assaulted because of his alleged status as an informant and Thibeaux replied that "I have no proof. Well, I, all I can go by is what's happening to me."

The magistrate judge determined that, assuming that Thibeaux had stated an Eighth Amendment claim, the defendants did not display deliberate indifference to Thibeaux's plight. The magistrate judge further concluded that Thibeaux had failed to

---

[2] Thibeaux also testified that he told Major Prasifka that he had been an informant and Prasifka replied that "we don't transfer for that[.]"

present any evidence to show that the defendants' actions were not objectively reasonable; thus, the defendants were entitled to qualified immunity. The magistrate judge granted the defendants' motion for summary judgment and denied as moot Thibeaux's motion for an immediate injunction. This appeal followed. For the reasons stated below, we affirm.

## Discussion

### A.   Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Duhon v. Mobil Oil Corp., 12 F.3d 55, 57 (5th Cir. 1994). This Court reviews grants of summary judgment de novo, applying the same standards as those applied by the district courts. Duhon, 12 F.3d at 57. If this Court determines that the district court erred in its stated reason for granting summary judgment, the judgment of the district court can nonetheless be affirmed provided other adequate grounds for granting summary judgment appear. Thompson v. Georgia Pacific Corp., 993 F.2d 1166, 1167-68 (5th Cir. 1993).

B.    Propriety of Summary Judgment

Thibeaux argues that the magistrate judge erred by denying his motion for injunctive relief and by granting the defendants' motion for summary judgment.[3]  Although the defendants moved for summary judgment, they did not submit any summary judgment evidence other than their testimony at the evidentiary hearing.  This court has affirmed judgments resting on evidence adduced at a hearing when the testimony is uncontradicted and the factual basis for the judgment admits no genuine controversy about material matters. U.S. v. State of Louisiana, 9 F.3d 1159, 1168 (1993).  However, because the defendants did not produce any evidence in support of their motion until the day of the hearing, Thibeaux did not have notice of the factual basis of the defendants' motion.  Arguably, the magistrate court's dismissal under Rule 56(c) was in error. Nevertheless, while the magistrate judge could not rely on testimony or prison records to make credibility decisions beyond the scope of the Spears hearing, Thibeaux did not challenge the essential facts which rendered his claim without merit.  We may thus affirm the judgment for defendants under 28 U.S.C. § 1915(d).

C.    Dismissal of Thibeaux's Claims under 28 U.S.C. § 1915(d).

An in forma pauperis claim that has no arguable basis in law or fact may be dismissed as frivolous under § 1915(d). Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993).  At the Spears hearing,

---

[3] Thibeaux also avers that he is now housed at TDCJ Stiles Unit and is being denied medical care.  This issue was not before the court below.  Since this claim is not purely legal, it is not reviewable for the first time on appeal. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Thibeaux himself acknowledged facts rendering his claim baseless in law. Therefore, this case can properly be dismissed as frivolous as shown infra.

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994). To constitute an Eighth Amendment violation, Thibeaux must show that he was "incarcerated under conditions posing a substantial risk of serious harm" and that the defendants' state of mind was one of "deliberate indifference" to his health or safety. Id. The defendants were deliberately indifferent if they were both "aware of the facts from which the inference could be drawn that a substantial risk of harm exists" and they drew the inference. Id. at 1979. If Thibeaux's allegations do not establish a failure-to-protect claim, his complaint may be dismissed under § 1915(d). See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

Thibeaux acknowledged that Medart answered his grievances regarding the urine and harassment. In doing so, he acknowledged that his claims were being investigated. Further, Thibeaux's own recount of the fighting incidents establishes that the defendants could not have reasonably inferred that Thibeaux faced a substantial risk of harm from other inmates. Thibeaux admitted that he was charged as the aggressor in one of the fights and admitted that he was twice disciplined for fighting. On appeal, he explains that one of the fights occurred after the inmate placed his back-side on Thibeaux's shoulder. None of these facts suggest

6

that Thibeaux was the target of inmate assaults.

In <u>Neals</u>, the plaintiff asserted that the defendants jeopardized his safety by not moving him to protective custody after determining that there was insufficient evidence to support his claim that he needed protection. <u>Id.</u> at 531-32. The magistrate judge dismissed the complaint as frivolous, noting Neals had alleged, at most, negligence. <u>Id.</u> at 533. This Court affirmed, concluding that the magistrate judge had not abused his discretion by determining that the plaintiff had failed to raise a constitutional claim. <u>Id.</u> Similarly, the essence of Thibeaux's complaint is that the defendants erroneously determined that there was insufficient evidence to support his claims of harassment.

Thibeaux argues that he proved, through a grievance he submitted to the magistrate judge, that he discussed with Warden Medart the fact that the inmates had discovered he allegedly was an informant. He also argues that Medart admitted such on cross-examination. Thibeaux apparently misunderstands the nature of an Eighth Amendment violation in this context. Although Medart was aware of Thibeaux's allegations, his failure to act on them was based on his reasoning that Thibeaux had failed to substantiate the allegations. Failure to act under these circumstances does not amount to deliberate indifference and establishes, at most, negligence. <u>See</u> <u>id.</u> at 532-33. Negligence will not support a § 1983 claim. <u>Id.</u> at 532.[4]

---

[4] Thibeaux also suggests that the defendants lied at the evidentiary hearing. However, because the dismissal of the complaint may be upheld under § 1915(d), the defendants' testimony is not considered.

7

Because we hold that appellant's claim was frivolous under § 1915 (d) and that judgment in favor of the appellees was appropriate, we do not reach the issue of appellees' qualified immunity. Similarly, we do not reach the merits of Thibeaux's request for equitable relief. His arguments regarding the magistrate judge's denial of equitable relief were mooted by his transfer from the Swisher County Jail. <u>Cooper v. Sheriff, Lubbock County, Tex.</u>, 929 F.2d 1078, 1084 (5th Cir. 1991).

We AFFIRM the decision of the court below.